No. 26-3059

# United States Court of Appeals for the Tenth Circuit

IN RE EPIPEN (EPINEPHRINE INJECTION, USP)

DAN POOLE,

*Appellant,*

v.

MYLAN, INC., ET AL.,

*Appellees*.

On Appeal from United States District Court for the
District of Kansas, No. 2:17-md-02785-DDC-TJJ
The Honorable Daniel D. Crabtree

## CLASS PLAINTIFFS' MOTION TO INTERVENE IN NON-PARTY DAN POOLE'S APPEAL

Rex A. Sharp
W. Greg Wright
Ryan C. Hudson
Hammons P. Hepner
SHARP LAW, LLP
4820 West 75th Street
Prairie Village, KS 66208

*Counsel for Plaintiffs*

Dated: June 11, 2026.

## TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................i

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ......................................................................................................1

BACKGROUND .......................................................................................................2

LEGAL STANDARD................................................................................................3

ARGUMENT .............................................................................................................4

      I.    The motion for leave to intervene is timely. ........................................5

      II.   Class Plaintiffs have a protectable interest..........................................6

      III.  Disposition of the Motion to Compel may impair that interest. ...........6

      IV.  Existing parties do not adequately represent Class Plaintiffs' interests.................................................................................................7

      V.   This is an exceptional case for imperative reasons. .............................8

CONCLUSION..........................................................................................................9

CERTIFICATE OF SERVICE ................................................................................10

CERTIFICATE OF COMPLIANCE.......................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bldg. and Constr. Trades Dep't v. Reich*,
  40 F.3d 1275 (D.C. Cir. 1994) ............................................................. 3

*Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior*,
  100 F.3d 837 (10th Cir. 1996) ...................................................... 4, 6, 7

*Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*,
  407 F.3d 1091 (10th Cir. 2005) ........................................................... 3

*Hutchinson v. Pfeil*,
  211 F.3d 515 (10th Cir. 2000) ......................................................... 4, 8

*Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*,
  578 F.2d 1341 (10th Cir. 1978) ........................................................... 6

*Nat'l Farm Lines v. ICC*,
  564 F.2d 381 (10th Cir. 1977) ............................................................. 4

*UAW Local 283 v. Scofield*,
  382 U.S. 205 (1965) ............................................................................ 3

*Utah Ass'n of Counties v. Clinton*,
  255 F.3d 1246 (10th Cir. 2001) ........................................................... 5

*Warren v. Comm'r*,
  302 F.3d 1012 (9th Cir. 2002) ............................................................. 3

**Rules**

10th Cir. R. 27 ...................................................................................... 1
Fed. R. App. P. 27 ................................................................................ 1
Fed. R. Civ. P. 24(a) .................................................................. 3, 4, 6, 7
Fed. R. Civ. P. 59 ................................................................................. 3
Fed. R. Civ. P. 60 ................................................................................. 3

**INTRODUCTION**

Plaintiffs, who were the class action plaintiffs in the district court ("Class Plaintiffs"), respectfully move for leave to intervene in non-party Appellant Dan Poole's appeal in Case No. 26-3059 under Rule 27 of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 27. If allowed to intervene, Class Plaintiffs intend to file the **attached Motion to Dismiss (Exhibit 1)**, which highlights why non-party Poole lacks standing to appeal and why this Court lacks jurisdiction over the appeal.

Nearly four years after final judgment of the second class action settlement below, Poole filed a post-judgment motion to compel against a non-party settlement administrator (AB Data) regarding an alleged data breach. The Class Plaintiffs negotiated and secured final approval of a nationwide settlement exceeding $600 million and retained AB Data as the settlement administrator responsible for distributing those funds to millions of class members.

Poole's motion directly targets the administration of that settlement and seeks to impose new, post-judgment obligations outside the bounds of the case or Article III jurisdiction. Class Plaintiffs therefore have a direct interest in preserving the finality and integrity of the settlement, and unless Class Plaintiffs intervene, this appeal will drift along without any party below appearing on appeal. Accordingly, intervention is necessary and proper under all factors and any legal standard, even though Class Plaintiffs seek intervention for the first time on appeal.

1

## BACKGROUND

After many years of litigation, the parties in the multidistrict litigation *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. and Antitrust Litig.*, No. 17-md-02785 (D. Kan.), reached a settlement. The case targeted two sets of defendants: Pfizer and its related entities and Mylan with one of its executives. Both sets of defendants settled. And on July 11, 2022, the district court approved the second and final class settlement in the case. *See* Dkt. Nos. 2622, 2626. To distribute more than $600 million to millions of class members nationwide and overseas, the class action plaintiffs retained a third-party settlement administrator, AB Data, to manage and disburse the settlement funds. Poole was a class member, but he neither objected to nor opted out of the settlement.

Instead, on February 13, 2026, Poole filed a "Motion to Compel AB Data to Disclose Whether They Have Experienced a Data Breach or Other Security Event, and for [sic] Court to Provide AB Data with Mandatory Guidance Regarding Payments to Approved Claimants" (the Motion). Dkt. No. 2664. In the Motion, Poole argued without support that it was likely that AB Data had suffered a data breach and that the district court should therefore order AB Data to disclose such information and also provide "mandatory and binding guidance" to AB Data regarding the settlement administration. *Id*.

The district court denied Poole's Motion in a minute entry, explaining:

2

Class member Dan Poole has moved to compel AB Data--a nonparty who is serving as a settlement administrator in this matter--to disclose information about a data breach. That's not how things work in federal court, so the court rejects his request. This case is closed, and the court has entered judgment. Doc. 2626. Following entry of judgment, absent extraordinary circumstances, the court only entertains motions filed under Fed. R. Civ. P. 59 or 60. It doesn't entertain motions to compel and certainly not ones filed by non-parties. Mr. Poole's motion also asks the court to provide AB Data with "mandatory and binding guidance[.]" Doc. 2664 at 1. But AB Data isn't a party to this lawsuit, so the court lacks authority to grant AB Data guidance of any kind. To say it using the words of our Constitution, there's no case or controversy between Mr. Poole and AB Data pending before our court.

Dkt. No. 2667.

Poole filed his notice of appeal of the Order denying his Motion on March 31, 2026. Dkt. No. 2669.

## LEGAL STANDARD

"Intervention as a matter of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1102 (10th Cir. 2005). Although the Federal Rules of Civil Procedure apply only at the district court level, "the policies underlying intervention may be applicable in appellate courts." *UAW Local 283 v. Scofield*, 382 U.S. 205, 216 n.10 (1965). In turn, a party seeking to intervene on appeal must satisfy the prerequisites of Rule 24(a). *See, e.g.*, *Warren v. Comm'r*, 302 F.3d 1012, 1014–15 (9th Cir. 2002); *Bldg. and Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282–83 (D.C. Cir. 1994).

Under Rule 24(a), an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or

3

transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties. *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (cleaned up) (citing Fed. R. Civ. P. 24(a)(2)).

The Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a). *Nat'l Farm Lines v. ICC*, 564 F.2d 381, 384 (10th Cir. 1977). When intervention was not sought at the district court level, intervention on appeal will be permitted "only in an exceptional case for imperative reasons." *Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000) (internal quotations omitted).

## ARGUMENT

Proposed-intervenor Class Plaintiffs satisfy the prerequisites of Rule 24(a) and the "exceptional case for imperative reasons" standard. There is a unique procedural posture created by the filing, post-judgment, of a motion to compel by one non-party against another non-party. On top of this, the motion to compel relates to whether there was a data breach against a non-party, which the district court pointed out it was powerless over because of the post-judgment posture and non-party status of the movant and the directed target.

This Court's resolution of the Motion will directly affect Class Plaintiffs' interest because two non-parties are on the two sides of this appeal, leaving no party to adequately represent (or even describe) the case. Further, any ruling will not be

4

binding on non-party AB Data, the target of the Motion. Thus, Class Plaintiffs respectfully request that this Court grant the motion for leave to intervene.

## I.     The motion for leave to intervene is timely.

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quotation omitted).

This motion is timely because the issues presented by this appeal arose only after final judgment when class member Dan Poole—who neither objected to nor opted out of the settlement—filed a collateral motion directed at the non-party settlement administrator AB Data. Class Plaintiffs have known of their interest in the settlement of this case since its occurrence but could not know of the challenge raised by Poole until he filed the motion to compel on March 31, 2026. Dkt. No. 2669. Class Plaintiffs had no reason to seek intervention at the district court level because Poole's recent claims did not arise during the district court proceedings but instead represent a new, post-judgment theory untethered to the case or the parties in it. No party will be prejudiced by intervention, and the appeal remains at an early stage. Lastly, the circumstances in this appeal are unusual: a non-party is appealing a motion to compel filed post-judgment against a non-party settlement administrator

years after the settlement was finalized. Based on these circumstances, Class Plaintiffs' motion for leave to intervene is timely.

## II.     Class Plaintiffs have a protectable interest.

To intervene under Rule 24(a), the interest of the proposed intervenor also must be "direct, substantial, and legally protectable." *Coalition of Ariz./N.M. Counties*, 100 F.3d at 840 (quotations omitted).

Class Plaintiffs have a direct, substantial, and legally protectable interest in the subject of this appeal. Specifically, Class Plaintiffs negotiated and obtained final approval of the class settlement; engaged and relied upon AB Data to administer settlement funds; and are responsible for protecting the rights and interests of millions of class members. Poole's motion seeks to compel AB Data to disclose alleged data breach information and to subject it to the district court's "mandatory and binding guidance" – whatever that means. Poole's request directly implicates the structure, administration, and finality of the class settlement that Class Plaintiffs created and continue to oversee. This is more than sufficient to establish a "direct, substantial, and legally protectable interest." *Id*.

## III.     Disposition of the Motion to Compel may impair that interest.

The next Rule 24(a) factor considers "any significant legal effect in the applicant's interest and it is not restricted to a rigid res judicata test." *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978); *see also Coalition of Ariz./N.M. Counties*, 100 F.3d at 844.

Disposition of this appeal without allowing intervention could materially impair Class Plaintiffs' interests. Allowing Poole's theory to proceed would undermine the finality of the class action settlement and expose the claims administration process to ongoing collateral attack(s) by Poole (and others). Poole seeks to transform a closed case into a vehicle for a new dispute between non-parties concerning an alleged data breach with no connection to the underlying lawsuit or the judgment. If permitted, such a theory would undermine the finality of class settlements, subject settlement administration to ongoing collateral attack, expand federal jurisdiction beyond the limits imposed by Article III, and interfere with Class Plaintiffs' ability to manage and conclude settlement administration. These consequences would impair Class Plaintiffs' ability to carry out their court-approved responsibilities and protect the interests of class members.

## IV.    Existing parties do not adequately represent Class Plaintiffs' interests.

The final factor under Rule 24(a) is whether the applicant's interest is not adequately represented by existing parties. *Coalition of Ariz./N.M. Counties*, 100 F.3d at 840.

In this case, Class Plaintiffs' interests are not adequately represented by the two non-parties in the appeal, Dan Poole and AB Data. Class Plaintiffs have distinct and independent interests in preserving the integrity and administration of the class settlement, protecting the settlement structure and settlement administrator from collateral attack, and ensuring that non-parties cannot use post-judgment motions to

disrupt court-approved settlements. Thus, these interests of Class Plaintiffs are not adequately represented by the settlement administrator (who was not a party below and is not a party to this appeal) and an unnamed class member, and intervention is necessary to protect these interests.

**V.    This is an exceptional case for imperative reasons.**

Finally, Class Plaintiffs acknowledge that because intervention was not sought at the district court level, their intervention on appeal requires "an exceptional case for imperative reasons." *Hutchinson*, 211 F.3d at 519 (internal quotations omitted).

Class Plaintiffs meet this demanding standard. Class Plaintiffs had no reason to intervene at the district court level because they were already parties to the litigation and were controlling their own case. On appeal, however, Class Plaintiffs are not parties, nor are any of the parties in the case active in this appeal. As a result, this appeal presents exceptional circumstances justifying intervention.

Along with the unusual circumstances mentioned above under Section I, because AB Data is neither a non-party in the underlying litigation nor on appeal, any ruling provided by this Court would not be binding on AB Data. Further, there are jurisdictional defects and lack of standing issues presented by Poole's appeal that warrant the Court's attention, and it is only by allowing Class Plaintiffs to intervene that this Court will have advocacy to ensure a correct, fair determination is made. Thus, exceptional circumstances justify allowing Class Plaintiffs to intervene.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court grant this motion for leave to intervene and consider the attached Motion to Dismiss filed by Class Plaintiffs to dismiss this appeal.


Dated: June 11, 2026.                    Respectfully submitted,

                                         SHARP LAW, LLP

                                         */s/ Rex A. Sharp*
                                         Rex A. Sharp
                                         W. Greg Wright
                                         Ryan C. Hudson
                                         Hammons P. Hepner
                                         4820 W. 75th Street
                                         Prairie Village, KS 66208
                                         (913) 901-0505

                                         *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that on June 11, 2026, I transmitted the foregoing instrument to the Clerk of the Court and served on all registered counsel of record via the Court's ECF filing system in compliance with FED. R. APP. P. 25.

The foregoing instrument was also served by certified mail, return receipt requested, to Dan Poole at the address listed below:

Dan Poole
APDO 599-1250
Escazu, San Jose
10201 Costa Rica

*/s/ Rex A. Sharp*
Rex A. Sharp

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding parts of the brief exempted by FED. R. APP. P. 32(f), this brief contains 2,015 words.

2.      This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: June 11, 2026.                             Respectfully submitted,

                                                  */s/ Rex A. Sharp*
                                                  Rex A. Sharp

11