# Exhibit 1

No. 26-3059

# United States Court of Appeals for the Tenth Circuit

IN RE EPIPEN (EPINEPHRINE INJECTION, USP)

DAN POOLE,

*Appellant,*

v.

MYLAN, INC., ET AL.,

*Appellees.*

On Appeal from United States District Court for the
District of Kansas, No. 2:17-md-02785-DDC-TJJ
The Honorable Daniel D. Crabtree

## MOTION TO DISMISS NON-PARTY DAN POOLE'S APPEAL

Rex A. Sharp
W. Greg Wright
Ryan C. Hudson
Hammons P. Hepner
SHARP LAW, LLP
4820 West 75th Street
Prairie Village, KS 66208
*Counsel for Plaintiffs*

Dated: June ___, 2026.

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ........................................................................................1

BACKGROUND ..........................................................................................1

ARGUMENT ...............................................................................................3

    I.       Appellant lacks standing because neither he nor AB Data was a
           party below, and he does not present an injury traceable to the
           defendant that the district court can redress. ........................................3

         A.      Poole was not a party below and lacks standing to appeal.........4

         B.      Poole cannot establish an injury, causation, or
              redressability to meet his burden on Article III standing. ..........4

CONCLUSION.............................................................................................6

CERTIFICATE OF SERVICE .....................................................................7

CERTIFICATE OF COMPLIANCE.............................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Miami Tribe of Okla. v. United States*,
  656 F.3d 1129 (10th Cir. 2011)........................................................................ 7

*N.M. Health Connections v. U.S. Dep't of Health & Human Servs.*,
  946 F.3d 1138 (10th Cir. 2019)..................................................................... 6, 8

*W. Watersheds Project v. Interior Bd. of Land Appeals*,
  62 F.4th 1293 (10th Cir. 2023) ................................................................. 6, 7, 8

**Rules**

Fed. R. Civ. P. 59 ............................................................................................ 5, 6

Fed. R. Civ. P. 60 ............................................................................................ 5, 6

Rule 27 of the Federal Rules of Appellate Procedure ............................................ 4

Tenth Circuit Rule 27.3.......................................................................................... 4

**INTRODUCTION**

Plaintiffs, who were the class action plaintiffs in the district court, respectfully request dismissal of non-party Appellant Dan Poole's appeal for lack of jurisdiction under Rule 27 of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 27.3. As the district court explained in a minute entry, non-party Poole lacks standing to move the district court to compel non-party AB Data – the settlement administrator of a class action settlement – to do anything. Poole's post-judgment "appeal" of an order denying his motion to compel against a non-party should therefore be dismissed.

**BACKGROUND**

After many years of litigation, the parties in the multidistrict litigation *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. and Antitrust Litig.*, No. 17-md-02785 (D. Kan.), reached a settlement. The case targeted two sets of defendants: Pfizer and its related entities and Mylan with one of its executives. Both sets of defendants settled. And on July 11, 2022, the district court approved the second and final class settlement in the case. *See* Dkt. Nos. 2622, 2626. To distribute more than $600 million to millions of class members nationwide and overseas, the class action plaintiffs retained a third-party settlement administrator, AB Data, to manage and disburse the settlement funds. Poole was a class member, but he neither objected to nor opted out of the settlement.

1

Instead, on February 13, 2026, Poole filed a "Motion to Compel AB Data to Disclose Whether They Have Experienced a Data Breach or Other Security Event, and for [sic] Court to Provide AB Data with Mandatory Guidance Regarding Payments to Approved Claimants" (the Motion). Dkt. No. 2664. In the Motion, Poole argued without support that it was likely that AB Data had suffered a data breach and that the district court should therefore order AB Data to disclose such information and also provide "mandatory and binding guidance" to AB Data regarding the settlement administration. *Id*.

The district court denied Poole's Motion in a minute entry, explaining:

> Class member Dan Poole has moved to compel AB Data--a nonparty who is serving as a settlement administrator in this matter--to disclose information about a data breach. That's not how things work in federal court, so the court rejects his request. This case is closed, and the court has entered judgment. Doc. 2626. Following entry of judgment, absent extraordinary circumstances, the court only entertains motions filed under Fed. R. Civ. P. 59 or 60. It doesn't entertain motions to compel and certainly not ones filed by non-parties. Mr. Poole's motion also asks the court to provide AB Data with "mandatory and binding guidance[.]" Doc. 2664 at 1. But AB Data isn't a party to this lawsuit, so the court lacks authority to grant AB Data guidance of any kind. To say it using the words of our Constitution, there's no case or controversy between Mr. Poole and AB Data pending before our court.

Dkt. No. 2667.

Poole filed his notice of appeal of the Order denying his Motion on March 31, 2026. Dkt. No. 2669.

**ARGUMENT**

Because non-party Poole lacks standing to appeal, this Court lacks jurisdiction and must dismiss the appeal. A dispute involving non-party Poole and non-party AB Data involving an alleged data breach has no connection to this case. Poole essentially attempts to pursue a new, unrelated data breach theory against non-party AB Data via a motion to compel filed four years after final judgment was entered in *In re EpiPen*. Poole fails in his attempt to manufacture jurisdiction and standing for his satellite dispute between non-parties.

Indeed, final judgment was long ago entered, and Poole offers no basis for the district court to set aside the Federal Rules of Civil Procedure, which contain detailed requirements for post-judgment relief. Poole's Motion does not fit within the post-judgment guidelines of Federal Rule 59 or 60, nor does Poole offer any factual or legal support for a non-party filing a motion to compel against a non-party several years after final judgment was entered.

Simply put, Poole lacks standing, so this Court lacks jurisdiction. For all these reasons, the Court should dismiss this appeal.

I.   **Appellant lacks standing because neither he nor AB Data was a party below, and he does not present an injury traceable to the defendant that the district court can redress.**

Because federal courts have "the power to adjudicate only genuine 'Cases' and 'Controversies[,]'" *W. Watersheds Project v. Interior Bd. of Land Appeals*, 62 F.4th 1293, 1296 (10th Cir. 2023) (citations omitted), Poole's standing to appeal is

3

Appellate Case: 26-3059    Document: 7-2    Date Filed: 06/11/2026    Page: 8

a threshold question. A party's standing is a mandatory requirement "through all stages of federal judicial proceedings, trial and appellate." *N.M. Health Connections v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1138, 1159 (10th Cir. 2019). "At the appellate stage, it requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision by the appeals court." *Id*. (quotation omitted).

### A. Poole was not a party below and lacks standing to appeal.

As a litigant seeking to invoke federal jurisdiction, Poole "bears the burden of establishing standing." *W. Watersheds Project*, 62 F.4th at 1296 (citations omitted). He is not a party to the case, however. His status as a non-party is fatal. Although subject to exceptions that don't apply here, only parties have standing to appeal. *Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011). In this case, Poole is not a party; thus, he lacks standing and the appeal should be dismissed.

### B. Poole cannot establish an injury, causation, or redressability to meet his burden on Article III standing.

Even setting aside Poole's non-party status, he also cannot meet his burden to show any of Article III's standing requirements. To meet this burden on standing, Poole "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *W. Watersheds Project*, 62 F.4th at 1296 (citations omitted). Thus, unless Poole claims "to have

4

suffered an injury that the defendant caused *and the court can remedy*, there is no case or controversy for the federal court to resolve." *Id.* at 1296–97 (emphasis in original; citations omitted).

Here, Poole cannot satisfy any of these three requirements. He cannot identify any conduct by the defendants in the case (Mylan and Pfizer) that caused him any cognizable injury. Nor can he show that any such injury, if it existed, could be traced to the defendants or redressed by the district court. Instead, he alleges that a non-party settlement administrator, AB Data, likely suffered a data breach, which in turn requires the district court to actively monitor and guide AB Data's operations. Those new, post-judgment allegations are unmoored from this case, the parties in this case, or the Court's jurisdiction. Under Article III, a non-party filing a post-judgment motion to compel against a non-party is not a cognizable – or permissible – action in federal court.

Like Poole, AB Data is not a party in the district court case and is not a party to this appeal. Poole's alleged injury therefore depends on the conduct of an independent non-party beyond the boundaries of this case and the jurisdiction of the district court. That means any alleged injury by Poole is not "traceable to the appellee." *N.M. Health Connections*, 946 F.3d at 1159. In turn, it cannot be redressed by the district court. That is fatal because "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *W. Watersheds Project*, 62 F.4th at 1297.

## CONCLUSION

Poole is not a party to the litigation below and lacks standing to appeal. The Court should therefore dismiss the appeal.

Dated: June __, 2026.

Respectfully submitted,

SHARP LAW, LLP

*/s/*_____
Rex A. Sharp
W. Greg Wright
Ryan C. Hudson
Hammons P. Hepner
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

This is to certify that on June __, 2026, I transmitted the foregoing instrument to the Clerk of the Court and served on all registered counsel of record via the Court's ECF filing system in compliance with FED. R. APP. P. 25.

/s/_____
Rex A. Sharp

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding parts of the brief exempted by FED. R. APP. P. 32(f), this brief contains 1,313 words.

2.    This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: June __, 2026.                    Respectfully submitted,

                                         /s/_____
                                         Rex A. Sharp