UNITED STATES COURT OF APPEALS FOR THE
TENTH CIRCUIT

DAN POOLE,

       Appellant,                                        Case 26-3059

   v.

A.B. DATA,

       Appellee,

   v.

CLASS PLAINTIFFS,

       Movants-Intervenors

**RESPONSE TO MOTION TO DISMISS**

Appellant Dan Poole ("Poole") responds to the motion to dismiss by Class Counsel ("All Plaintiffs"):

Class Counsel apparently believes that Appellant must go to a state small claims court and sue the Settlement Administrator instead of filing a motion with the district court with respect to the non-payment of his approved claim. For the reasons set forth in Appellant's opening brief, filed July 15, 2026, at Entry 21, and the discussion below, this simply is not the case. Moreover, Class

Counsel also misleadingly attempts to frame the motion only as one relating to the Settlement Administrator's data breach when, in reality, the relief requested was for Appellant to obtain his approved payment and for oversight relating to the clear hack of the Settlement Administrator's data.

## I.   **Discussion**

Appellant is an approved claimant in the underlying class action.  However, after the Appellant's check was not delivered[1] and he moved, requiring a change of address, the Settlement Administrator refused to send a new check unless Appellant provided a battery of identity documents.  The Settlement Administrator stated that "hundreds" of purportedly fraudulent change of address requests originated from South America and "thousands" from the United States and Canada. ECF 2664, page 2.

Appellant agreed to provide the materials if a secure method to do so existed and if the Settlement Administrator advised him of their privacy policy, data retention policy, and use policy of the sensitive HIPAA information they demanded – especially considering

---

[1] The distribution plan actually provided for electronic payments.  However, this did not come to fruition.

that there was what appears to be a data breach because the only method for fraudulent address change requests to occur is if someone had access to the claims data and knew what checks were not cashed.

The Settlement Administrator ignored the requests for the privacy, retention, and use policies and broke off communications. Appellant filed a motion seeking judicial intervention pursuant to the terms of the settlement which provided that the determinations made by the Settlement Administrator are "**subject to [...] approval by the Court**." ECF 2393-9 and ECF 2590-9, Section III, page 5.

On July 15, 2026, at Entry 21, Appellant Dan Poole filed his brief that thoroughly addresses the background, the jurisdiction of the district court, and this Court's jurisdiction.,

Despite having the opportunity to review the brief, and not addressing the jurisdictional discussion therein, Class Counsel moves to summarily dismiss this appeal for lack of jurisdiction because the *district court* found no justiciable dispute and no standing to file a motion. This finding does not mean that this Court lacks jurisdiction to entertain the appeal from that erroneous determination pursuant to 28 USC 1291. On the contrary, this

Court reviews a district court's jurisdictional and standing findings *de novo.* *FDIC v. Hulsey,* 22 F.3d 1472, 1479 (10th Cir.1994). Obviously, Appellant can appeal the Order adverse to him.[2]

For a full and fair *de novo* review, this Court should simply deny the attempt at having a summary review and simply direct Class Counsel to raise their issues in their responsive brief. Any new issues can be addressed by Appellant in his reply. However, the issues raised by Class Counsel are thoroughly addressed in the opening brief.

Class Counsel misrepresents the procedural posture of this case. As explained above, the settlement agreement provided that determinations by the administrator are subject to approval by the court. Moreover, the "final judgment" specifically gave the district court retention over matters involving the distribution of funds.

As Appellant explains in his Opening Brief, the two final judgments in this case state that claimants could seek review by the

---

[2] Class Counsel does not suggest in their motion that Appellant needed to file a motion to intervene and this procedure does not appear to be required by the final judgments entered retaining jurisdiction over the class members and the distribution of funds.

district court as to matters regarding the distribution of funds. ECF

2507, p. 14, par. 15, and ECF 2626, p. 9, par. 14, both state:

> "Without affecting the finality of this Judgment in any way, **this court retains continuing jurisdiction over** (a) implementation of this Settlement and any award or **distribution of the Settlement Fund**, including interest earned thereon; **(b) disposition of the Settlement Fund;** [...] (d) all parties herein for the purpose of construing, enforcing, and administering the Settlement Agreement; (e) *the Class Members for all matters relating to the Action*, and (f) other matters related or ancillary to the foregoing. **The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this court."**

Contrary to the district court's bald assertion, this is indeed

*how things work* in federal court. "The equitable powers of the

Court may be invoked to deal with problems that commonly arise

during administration of a settlement . . . and are retained by the

Court until the settlement fund is actually disbursed. *In re.*

*Orthopedic Bone Screw Prod. Liab. Litig.,* 246 F.3d 315, 321 (3d Cir.

2001).

Class Members maintain standing to challenge a denial of their

claim and they may appeal an adverse determination of their claim

and they have standing to do so. *See*, e.g., *Rothstein v. American*

*Intern. Group*, 837 F. 3d 195, 204 (2nd Cir. 2016). In *Rothstein*, a class member filed a motion to direct the approval of its claim, wherein class counsel argued that claimant was not a class member, and the district court denied the class member's motion. The appeals court found that the class member maintained standing to file the motion and that the appellate court could hear the subsequent appeal.

This is necessarily the case because "Each class member has a constitutionally recognized property right in the claim or cause of action that the class action resolves. The settlement-fund proceeds, having been generated by the value of the class members' claims, belong solely to the class members." *Klier v. Elf Atochem*, 658 F3d 468, 474 (5th Cir. 2011).

Ironically, the district court did not apply its reasoning to other similarly situated class members. On the contrary, it actually directed a class member to file a motion relating to their payment. ECF 2663. The district court also entertained many disputes about the status of claim payments. *See* ECF 2659 (advising that the court had Class Counsel respond to claimant's inquiry about non-payment); ECF 2666 (directing Class Counsel to respond as to

the claimant's asking where her check was); ECF 2673 (directing Class Counsel to respond to two claimants who have not received their payment).

Certainly, then, where Appellant – an approved claimant – is at risk of having his funds redistributed to other class members because the Settlement Administrator has a clear hacker/*data breach* problem, admitting that "hundreds" of claims were attempted to be diverted to South America and "thousands" to the United States and Canada by unknown bad actors, judicial intervention was appropriate. Since the settlement agreement provided for judicial review over the Settlement Administrator's distribution decisions, and the final judgments clearly provided continuing jurisdiction over the distribution of the settlement, there exists no basis to dismiss Appellant's appeal.

Simply put, this Court must deny Class Counsel's motion to dismiss the appeal and allow full briefing because Appellant's attempt to seek judicial intervention as to his payment *is the way things work in federal courts* that oversee class actions.

WHEREFORE, Appellant respectfully requests that the motion to dismiss the appeal be denied and that a deadline be set for any response to the opening brief filed on July 15, 2026, Entry 21.

Respectfully submitted,

/s/ *Dan Poole*

Dan Poole
Apartado 599-1250
Escazu   Costa Rica

CERTIFICATE OF SERVICE

I, Dan Poole, certify that all parties that appeared in this action are ECF filers who will receive notification upon the filing of this document.

/s/ *Dan Poole*