**No. 26-3059**

# United States Court of Appeals for the Tenth Circuit

IN RE EPIPEN (EPINEPHRINE INJECTION, USP)

DAN POOLE,

*Appellant,*

v.

MYLAN, INC., ET AL.,

*Appellees.*

On Appeal from United States District Court for the District of Kansas, No. 2:17-md-02785-DDC-TJJ
The Honorable Daniel D. Crabtree

## NON-PARTY APPELLEE A.B. DATA LTD.'s MOTION TO DISMISS NON-PARTY DAN POOLE'S APPEAL

Caleb Durling
FOX ROTHSCHILD LLP
1225 17th St., Suite 2200
Denver, CO 80202
(303) 292-1200

*Counsel for Non-Party Appellee A.B. Data Ltd.*

Dated: August 19, 2026

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................1

FACTUAL BACKGROUND ........................................................................1

LEGAL ARGUMENT ................................................................................3

I. Appellant lacks standing to bring this appeal because neither he nor AB Data was a party below, and he does not present an injury traceable to the defendant that the district court can redress. ...............3

A. Poole was not a party below and lacks standing to appeal.........4

B. Poole cannot establish an injury, causation, or redressability to meet his burden on Article III standing. ................................4

CONCLUSION ..........................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Miami Tribe of Okla. v. United States*,
656 F.3d 1129 (10th Cir. 2011) ....................................................................4

*N.M. Health Connections v. U.S. Dep't of Health & Human Servs.*,
946 F.3d 1138 (10th Cir. 2019) ...............................................................3, 4, 5

*W. Watersheds Project v. Interior Bd. of Land Appeals*,
62 F.4th 1293 (10th Cir. 2023) ...............................................................3, 4, 5

**Other Authorities**

Tenth Circuit Rule 27.3.................................................................................1

Fed. R. App. P. 27 .........................................................................................1

## INTRODUCTION

This appeal was commenced *pro se* by, Dan Poole ("Appellant" or "Poole") a non-party to the underlying class action captioned as *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. And Antitrust Litig.*, 17-md-02785-DDC-TJJ (D. Kan.)(the "Underlying Class Action") against non-party A.B. Data Ltd. ("Movant" or "AB Data"). This is AB Data's motion to dismiss the appeal. Respectfully, this Court lacks jurisdiction over this appeal because non-party appellant Poole lacks standing to commence the appeal against another non-party pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 27.3.[1]

## FACTUAL BACKGROUND

AB Data was retained by class counsel as the settlement claims administrator to complete discrete tasks in connection with two settlements reached between the parties involved in the Underlying Class Action. AB Data's tasks involved the provision of notice of the settlement to members of the class and disbursing the settlement fund pursuant to a court-approved plan of allocation to class members entitled to receive settlement compensation. It is not and cannot be disputed that AB Data was not a party in the Underlying Class Action.

---

[1] Movant joins in Class Plaintiffs' Motion to Dismiss Non-Party Dan Poole's Appeal filed on July 16, 2026 [Doc. No. 24].

On July 11, 2022, the district court overseeing the Underlying Class Action approved the second and final class settlement in the litigation. *See* Underlying Class Action at Doc. Nos. 2622 and 2626. The case was then closed.

On February 13, 2026, nearly four years after the final settlement was finally approved, Poole filed a *pro se* "Motion to Compel AB Data to Disclose Whether They Have Experienced a Data Breach or Other Security Event, and for Court to Provide AB Data with Mandatory Guidance Regarding Payments to Approved Claimants" (the "Motion") for the purpose of inquiring whether AB Data experienced "a data breach or other security event" and requested the trial court order AB Data to disclose information and that the trial court provide AB Data "mandatory and binding guidance" regarding the settlement administration. *Id*. Doc. No. 2664. Poole claimed not to have received his settlement check due to an address change.

On February 27, 2026, the trial court denied Poole's Motion in a minute entry (the "Order"), explaining:

> Class member Dan Poole has moved to compel AB Data--a nonparty who is serving as a settlement administrator in this matter--to disclose information about a data breach. That's not how things work in federal court, so the court rejects his request. This case is closed, and the court has entered judgment. Doc. 2626. Following entry of judgment, absent extraordinary circumstances, the court only entertains motions filed under Fed. R. Civ. P. 59 or 60. It doesn't entertain motions to compel and certainly not ones filed by non-parties. Mr. Poole's motion also asks the court to provide AB Data with "mandatory and binding guidance[.]" Doc. 2664 at 1. But AB Data isn't a party to this lawsuit, so the court lacks authority to grant AB Data guidance of any kind. To say it using the words of our Constitution, there's no case or

controversy between Mr. Poole and AB Data pending before our court. *Id*. Doc. No. 2667.

On March 27, 2026, Poole filed his *pro se* notice of appeal of the Order denying his Motion. *Id*. Doc. No. 2669.

On July 16, 2026, counsel for the Class Plaintiffs filed a motion to dismiss this appeal, correctly noting that neither Appellant nor AB Data were parties in the Underlying Class Action. Doc. No. 24.

On July 26, 2026, Poole filed a response to Class Plaintiffs' motion to dismiss. Doc. No. 26. While Poole stated several issues he had in connection with the distribution of the settlement funds in the Underlying Class Action, nowhere in Appellant's response does he deny, because he cannot deny, that AB Data was not a party in the Underlying Class Action.

## LEGAL ARGUMENT

### I. Appellant lacks standing to bring this appeal because neither he nor AB Data was a party below, and he does not present an injury traceable to the defendant that the district court can redress.

Because federal courts have "the power to adjudicate only genuine 'Cases' and 'Controversies[,]'" *W. Watersheds Project v. Interior Bd. of Land Appeals*, 62 F.4th 1293, 1296 (10th Cir. 2023) (citations omitted), Poole's standing to appeal is a threshold question. A party's standing is a mandatory requirement "through all stages of federal judicial proceedings, trial and appellate." *N.M. Health Connections*

*v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1138, 1159 (10th Cir. 2019). "At the appellate stage, it requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision by the appeals court." *Id*. (quotation omitted).

### A. Poole was not a party below and lacks standing to appeal.

As a litigant seeking to invoke federal jurisdiction, Poole "bears the burden of establishing standing." *W. Watersheds Project*, 62 F.4th at 1296 (citations omitted). Appellant is not a party to the Underlying Class Action, however. His status as a non-party is fatal to this appeal. Although subject to exceptions that don't apply here, only parties have standing to appeal. *Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011). In this case, Poole is not a party; thus, he lacks standing and the appeal should be dismissed

### B. Poole cannot establish an injury, causation, or redressability to meet his burden on Article III standing.

Even setting aside Poole's non-party status, he also cannot meet his burden to show any of Article III's standing requirements. To meet this burden on standing, Poole "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *W. Watersheds Project*, 62 F.4th at 1296 (citations omitted). Thus, unless Poole claims "to have suffered an injury that the defendant caused and the court can remedy, there is no

case or controversy for the federal court to resolve." *Id*. at 1296–97 (emphasis in original; citations omitted).

Here, Poole cannot satisfy any of these three requirements. He cannot identify any conduct by the defendants in the Underlying Class Action that caused him any cognizable injury. Nor can he show that any such injury, if it existed, could be traced to the defendants or redressed by the district court. Instead, he alleges that AB Data, a non-party settlement administrator, may have suffered a data breach, which in turn requires the district court to secure evidence regarding, and actively monitor, AB Data's operations. Those new, post-judgment allegations are unmoored from this case, the parties in this case, or the Court's jurisdiction. Under Article III, a non-party filing a post-judgment motion to compel against a non-party is not a cognizable – or permissible – action in federal court.

Like Poole, AB Data is not a party in the Underlying Class Action – also fatal to this appeal. Poole's alleged injury therefore depends on the conduct of an independent non-party beyond the boundaries of this litigation and the jurisdiction of the district court. That means any alleged injury by Poole is not "traceable to the appellee." *N.M. Health Connections*, 946 F.3d at 1159. In turn, it cannot be redressed by the district court. That is fatal because "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *W. Watersheds Project*, 62 F.4th at 1297.

## CONCLUSION

Because neither Appellant nor AB Data are or were parties in the Underlying Class Action, this Court should dismiss the appeal.

Dated: August 20, 2026

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Caleb Durling*
Caleb Durling
1225 17th Street, Suite 2200
Denver, CO 80202
(303) 292-1200
cdurling@foxrothschild.com

*Counsel for Non-Party Appellee A.B. Data Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that on August 20, 2026, I transmitted the foregoing instrument to the Clerk of the Court and served on all registered counsel of record via the Court's ECF filing system in compliance with FED. R. APP. P. 25.

*/s/ Rochelle Gomez*
Rochelle Gomez

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding parts of the brief exempted by FED. R. APP. P. 32(f), this brief contains 1,291 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: August 20, 2026

Respectfully submitted,

*/s/ Caleb Durling*
Caleb Durling