**No. 26-3059**

# United States Court of Appeals for the Tenth Circuit

IN RE EPIPEN (EPINEPHRINE INJECTION, USP)

DAN POOLE,

*Appellant,*

v.

MYLAN, INC., ET AL.,

*Appellees.*

On Appeal from United States District Court for the
District of Kansas, No. 2:17-md-02785-DDC-TJJ
The Honorable Daniel D. Crabtree

**NON-PARTY APPELLEE A.B. DATA LTD.'s CORRECTED RESPONSE BRIEF IN OPPOSITION TO INFORMAL PRO SE BRIEF FOR THE MOVANT-APPELLANT**

***ORAL ARGUMENT NOT REQUESTED***

Caleb Durling
FOX ROTHSCHILD LLP
1225 17th St., Suite 2200
Denver, CO 80202
(303) 292-1200

*Counsel for Non-Party Appellee A.B. Data Ltd.*

Dated: August 26, 2026

# TABLE OF CONTENTS

INTRODUCTION ........................................ 1

STATEMENT OF FACTS ........................................ 1

SUMMARY OF THE ARGUMENT ........................................ 3

LEGAL ARGUMENT ........................................ 3

I. Appellant improperly appeals from trial court ruling affirming the court's lack of authority to impose any requirements outside of the Settlement Agreement in the Underlying Class Action. ........................................ 3

CONCLUSION ........................................ 7

ATTACHMENTS

Declaration of Eric J. Miller, Doc. No. 2668-1 (Mar. 23, 20226) .......... Exhibit A

## TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

Tenth Cir. R. 27.3 .......... 1

Fed. R. App. P. 27 .......... 1

Fed. R. Civ. P. 59 .......... 2

4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 12:25 (6th ed. 2025) .......... 4

## STATEMENT PURSUANT TO 10th R. 28.2(c)(3)

There are no prior or related appeals.

## INTRODUCTION

This appeal was commenced by Dan Poole ("Appellant" or "Poole") a non-party to the underlying class action captioned as *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. and Antitrust Litig.*, 17-md-02785-DDC-TJJ (D. Kan.)(the "Underlying Class Action") against A.B. Data Ltd. ("Appellee" or "AB Data") also a non-party in the Underlying Class Action. This is AB Data's response brief in opposition to Appellant's "Informal *Pro Se* Brief for the Movant-Appellant" [Doc. No. 21].[1]

## STATEMENT OF FACTS

AB Data was retained by class counsel as the settlement claims administrator to complete discrete tasks in connection with two settlements reached between the parties involved in the Underlying Class Action. AB Data's tasks involved the provision of notice of the settlement to members of the class and disbursing the settlement fund pursuant to a court-approved plan of allocation to class members entitled to receive settlement compensation.

---

[1] On August 20, 2026, Appellee filed a motion to dismiss this appeal for the lack of jurisdiction because non-party appellant Poole lacks standing to commence the appeal against another non-party pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 27.3. [Doc. No. 34].

On July 11, 2022, the district court overseeing the Underlying Class Action approved the second and final class settlement in the litigation. *See* Underlying Class Action at Doc. Nos. 2622 and 2626. The case was then closed.

On February 13, 2026, nearly four years after the final settlement was finally approved, Poole filed a *pro se* "Motion to Compel AB Data to Disclose Whether They Have Experienced a Data Breach or Other Security Event, and for Court to Provide AB Data with Mandatory Guidance Regarding Payments to Approved Claimants" (the "Motion") for the purpose of inquiring whether AB Data experienced "a data breach or other security event" and requested the trial court order AB Data to disclose information and that the trial court provide AB Data "mandatory and binding guidance" regarding the settlement administration. *Id*. Doc. No. 2664. Poole claimed not to have received his settlement check due to an address change.

On February 27, 2026, the trial court denied Poole's Motion in a minute entry (the "Order"), soundly explaining:

> Class member Dan Poole has moved to compel AB Data--a nonparty who is serving as a settlement administrator in this matter--to disclose information about a data breach. That's not how things work in federal court, so the court rejects his request. This case is closed, and the court has entered judgment. Doc. 2626. Following entry of judgment, absent extraordinary circumstances, the court only entertains motions filed under Fed. R. Civ. P. 59 or 60. It doesn't entertain motions to compel and certainly not ones filed by non-parties. Mr. Poole's motion also asks the court to provide AB Data with "mandatory and binding guidance[.]" Doc. 2664 at 1. But AB Data isn't a party to this lawsuit, so the court lacks authority to grant AB Data guidance of any kind. To say it using the words of our Constitution, there's no case or

controversy between Mr. Poole and AB Data pending before our court.

*Id*. Doc. No. 2667.

On March 27, 2026, Poole filed his *pro se* notice of appeal of the Order denying his Motion. *Id*. Doc. No. 2669. On July 16, 2026, counsel for the Class Plaintiffs filed a motion to dismiss this appeal, correctly noting that neither Appellant nor AB Data were parties in the Underlying Class Action. Doc. No. 24.

## SUMMARY OF THE ARGUMENT

The trial court properly denied Appellant's so-called motion to compel because Appellee, AB Data was not a party to the Underlying Class Action and because it is not disputed that Appellant failed to provide Appellee the necessary documentation requested due to his moving out of the United States to finalize Appellant's claim form to recover funds from the settlement of that action.

## LEGAL ARGUMENT

### I. Appellant improperly appeals from trial court ruling affirming the court's lack of authority to impose any requirements outside of the Settlement Agreement in the Underlying Class Action.

In response to Appellant's Motion, the trial court entered the Order finding that the Motion, filed years after the Underlying Class Action had been closed and judgment entered, improperly sought an order to provide AB Data with "mandatory and binding guidance." Doc. No. 2667. The Order was consistent with other

findings by the Court in the Underlying Class Action in connection with other disputes with the administration of the settlement in the action.

In a separate dispute in the Underlying Class Action involving a different class member living abroad (like Appellant), the trial court issued a Memorandum and Order on April 3, 2026 [Doc. 2672] addressing the question of whether AB Data, as the Settlement Administrator, "may condition payment on documentation that may not exist for claimants residing abroad," the Court wrote: "The answer is yes." The court continued:

> 'In resolving disputes about implementation of a settlement agreement, courts begin with the terms of the agreement itself.' 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 12:25 (6th ed. 2025). Here, the court previously approved a Settlement Agreement (Doc. 2590-2) that included a Claim Form (Doc. 2590-5). On that Claim Form, all claimants 'agree[d] to supplement' their claim with 'documentary backup for the information provided' in the Claim Form, 'upon request of the Settlement Administrator.' Doc. 2590-5 at 4. So, if the Settlement Administrator requests documentation – *i.e.*, proof of address – then a claimant must provide that documentation.

*See* Underlying Class Action, Doc. 2672. In so ruling, the trial court declined to "impose any additional requirements unsupported by the parties' agreed-upon settlement documents and processes."

Appellee's administration of the settlement of the Underlying Class Action was performed beyond any legitimate question or criticism. In support of the opposition to the Motion, the Declaration of Eric J. Miller, a Senior Vice President of AB Data dated March 23, 2026, was submitted to the trial court. *See id*. at Doc.

2668-1 also attached hereto as Exhibit A (the "Miller Declaration"). The Miller Declaration pointed out that a total of approximately 765,000 Claim Forms were submitted to AB Data by potential Class Members prior to the July 25, 2022 deadline. *Id*. at ¶ 4. The Miller Declaration continued: "Upon the completion of claims processing and auditing to verify the validity of each claim, including the identification of duplicates or claims from non-Class Members, a total of approximately 300,000 claims were determined to be ineligible largely because they were identified as being submitted by non-Class Members, known suspicious actors, bots or computer-driven scripts." *Id*.

Fraud is a constant threat to settlement administrators. The settlement administration of the Underlying Class Action was no different. "[T]hroughout the claims administration process, AB Data monitored claims that exhibited certain indicia of fraud. . . AB Data sent a request to claimants for further information where the claim presented one or more indicia of fraud. Where claimants provided the requested information, AB Data determined their claim to be eligible and included it within the distribution populous. Where claimants failed to provide the requested information . . . the claim was rejected." *Id.*

As it relates to the Appellant specifically, the Miller Declaration provided:

> 15. In response to correspondence submitted to the Court by Dan Poole, AB Data was contacted by Mr. Poole requesting that the address associated with his claim be updated to a location outside of the United States.

16. The Claim Form for this Settlement provides that, in order to be eligible to file a claim and receive a cash distribution, a claimant must be a person or entity in the United States who paid or provided reimbursement for some or all of the purchase price of branded EpiPen® or EpiPen Jr. ® devices, or authorized generic versions of EpiPen devices, for the purpose of consumption, and not resale, by the claimant or the claimant's family member(s) at any time between August 24, 2011 and November 1, 2020.

17. Due to the significant volume of fraudulent filings that are often submitted from outside of the United States in connection with class action settlements, AB Data applies enhanced security to claims involving international addresses in order to ensure that settlement funds are not distributed to ineligible or fraudulent filers. In certain instances, fraudulent claimants attempt to circumvent the Settlement's eligibility requirements by submitting a claim using an address within the United States and subsequently requesting that the payment be reissued to an address located in another country.

18. The Claim Form further provides that claimants agree to supplement their Proof of Claim by furnishing documentary support for the information provided therein upon request of the Settlement Administrator. Consistent with this provision, and as Mr. Poole's Declaration attests to, when Mr. Poole requested that AB Data send his distribution payment to his new address in Costa Rica, AB Data requested that Mr. Poole provide identification to verify his identity prior to reissuing the payment to an address outside of the United States. To date, AB Data has never received any form of identification from Mr. Poole to verify his identity.

*Id.* ¶¶ 15-18.

Appellee made it very clear to Appellant, who changed his address to one that was outside of the United States, that all he needed to do was give AB Data the information requested by Appellee as provided for on the Claim Form and Appellee would proceed with reissuing the payment to Appellant. *Id.* ¶ 19. Instead, Appellant filed this frivolous appeal.

## CONCLUSION

Appellee, AB Data, respectfully requests this Court dismiss the appeal or otherwise deny the relief sought by Appellant by way of this appeal.

Dated: August 26, 2026

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Caleb Durling*

Caleb Durling
1225 17th Street, Suite 2200
Denver, CO 80202
(303) 292-1200
cdurling@foxrothschild.com

*Counsel for Non-Party Appellee A.B. Data Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that on August 26, 2026, I transmitted the foregoing corrected instrument to the Clerk of the Court and served on all registered counsel of record via the Court's ECF filing system in compliance with FED. R. APP. P. 25.

*/s/ Caleb Durling*
Caleb Durling

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding parts of the brief exempted by FED. R. APP. P. 32(f), this brief contains 1,533 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Caleb Durling*
Caleb Durling