**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: EPIPEN (EPINEPHRINE INJECTION, USP) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION.

------------------------------

DAN POOLE,

Movant - Appellant,

v.

AB DATA,

Settlement Administrator - Appellee.

------------------------------

ROSETTA SERRANO; SHANNON CLEMENTS; ANNETTE SUTORIK; LESLEY HUSTON; CHRIS RIPPY; LAUREN COALE; RAYMOND C. BUCHTA, III; LEE SELTZER; KIMBERLY DOLLANDER; DENYA ANDERSON; ERIN KORTE-LAMPARTER; JOY SHEPARD; ALENE MCDANIEL; LORRAINE WIGHT; TEIA AMELL; TODD BEAULIEU; HEATHER DESTEFANO; LAURA CHAPIN; SONYA NORTH; DAVID H. SMITH; JAE JONES; JOHN DODGE; AMIE VIALET DE MONTBEL; HEATHER RULAND; CASSANDRA BREDEK; ELIZABETH HUELSMAN; NIKITIA MARSHALL; STACEE SVITES; RACHEL FERNANDEZ; LINDA WAGNER; EILEEN MONTET;

No. 26-3059
(D.C. No. 2:17-MD-02785-DDC-TJJ)
(D. Kan.)

ANASTASIA JOHNSTON; CURT PALMER; ELIZABETH WILLIAMSON; MARK KOVARIK; MIRIAM CLARKE; MARIA GIURLAND; ROBERT MONTOYA; SUZANNE HARWOOD; DONNA WEMPLE; CASSANDRA COBB; CHRISTINA JAMES; LORI COLLINS; JENNIFER WALTON; WILLIAM DELPRINCIPE; VALERIE MOORE; MEREDITH KRIMMEL; CONNIE STAFFORD; FRANCIS MEYERS; KIMBERLY CORCORAN; AMBER RAINEY; CHRISTINA KOLLMEYER; LISA VOGEL; VISHAL AGGARWAL; ANGIE NORDSTRUM; CARLY BOWERSOCK; KENNETH EVANS; LOCAL 282 WELFARE TRUST FUND; DONNA ANNE DVORAK; MICHAEL GILL; APRIL SUMNER; LANDON IPSON; KENNETH STEINHAUSER,

Intervenor Appellees.

---

**ORDER AND JUDGMENT***

---

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Dan Poole, proceeding pro se,[1] appeals the district court's denial of his motion to compel a nonparty to disclose whether it suffered a data breach. Because Poole has failed to show that he has standing, we dismiss this appeal.

Poole, a class member in the underlying proceedings, apparently believed that the settlement administrator, nonparty AB Data, had mishandled class members' data. So he asked the district court to compel AB Data to disclose whether it had suffered a data breach. His motion also asked the district court to give AB Data "mandatory and binding guidance" on how to distribute the settlement funds. R. 622. The district court denied the motion, reasoning that it lacked jurisdiction over nonparties. Poole appeals that order.

Class plaintiffs intervened in this appeal and moved to dismiss. AB Data also moved to dismiss. Both motions argue that Poole lacks Article III standing to pursue his appeal. We agree.

"Article III of the Constitution permits federal courts to decide only '[c]ases' or '[c]ontroversies.'" *N.M. Health Connections v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1138, 1159 (10th Cir. 2019) (quoting U.S. Const. art. III, § 2). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Here on appeal, "it 'requires a party seeking relief to have suffered, or be

---

[1] Because Poole represents himself, we construe his filings liberally but won't serve as his advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision by the appeals court.'" *Id.* (quoting *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007)). Poole, as the party invoking our jurisdiction, bears the burden to establish standing. *See W. Watersheds Project v. Interior Bd. of Land Appeals*, 62 F.4th 1293, 1296 (10th Cir. 2023).

Poole fails to shoulder his burden. Though he responded to both motions to dismiss, Poole never explained what injury he suffered or how a favorable ruling might redress any injury. His failure to brief these issues is fatal. *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 552 (10th Cir. 2016) (concluding that litigants waived challenge when they failed to "argue they satisfied the elements of constitutional standing"). To be sure, Poole argues that class members have standing to challenge the denial of a claim. But his argument is beside the point. He didn't ask the district court to review a claim denial; he asked the district court to compel AB Data to disclose whether it had suffered a data breach and to provide AB Data with guidance. He simply hasn't explained any injury that a favorable decision might redress. "And we decline to make that argument for [him]."[2] *Id.*

[2] At best, Poole asserts that, because of a hacker or data-breach issue, AB Data might distribute his funds to unknown actors. If this is an injury argument, it's "too speculative for Article III purposes" because it's not a "certainly impending" injury. *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1157 (10th Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (1992)). Even so, Poole hasn't explained how a favorable decision on his motion to compel would redress this issue.

Because Poole hasn't carried his burden to show that he has standing to bring this appeal, we grant the motions to dismiss filed by AB Data and class plaintiffs and dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge